**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| BENJAMIN LAUFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATOM TICKETS, LLC,<br><br>Defendant. | Case No.   2:24-cv-682<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1          Plaintiff Benjamin Laufer brings this action on behalf of himself, and all others similarly situated against Atom Tickets, LLC ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     For over a year, Defendant has been nickel and diming movie goers on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a movie-goer selects a ticket on the website atomtickets.com, he is quoted a fee-less price, only to be ambushed by a $1.99 "Service Fee" per ticket at checkout after clicking through the various screens required to make a purchase.  This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.     To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket."  "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process." *Id.*  This latest version of the law went into effect August 29, 2022.  *See* Exhibit A.

3.     For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other Defendant ticket purchasers for film screenings in the state of New York for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

CLASS ACTION COMPLAINT                                                                                                1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold tickets to movie screenings taking place in the state of New York through its website on at least 100,000 occurrences during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in this District.

## PARTIES

7. Plaintiff Benjamin Laufer is an individual consumer who, at all times material hereto, was a citizen and resident of New York, New York. Plaintiff purchased two tickets to see a movie at the AMC Lincoln Square 13 in New York, New York on December 28, 2023 through Defendant's website, https://www.atomtickets.com. The transaction flow process he viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 7 in this complaint.

8. Defendant Atom Tickets, LLC is a Delaware limited liability company with its principal place of business in 2700 Colorado St., 4th Floor, Santa Monica, California 90404. Defendant sells movie tickets throughout the United States, including in the state of New York.

## RELEVANT FACTUAL ALLEGATIONS

9. When a movie-goer visits Defendant's website, https://www.atomtickets.com, on the main page, he can select a movie and filter by those taking place in New York. *See* Figure 1.



**Figure 1**

10. After the consumer selects a movie, he can then select a theater and a showtime. *See* Figure 2, next page.



**Figure 2**

11.   After a consumer selects a showtime at a particular theatre, the purchase process begins and he is prompted to select the number of tickets he wishes to purchase.  This listing shows the "Price" of the tickets, but does not disclose the total cost of the ticket or the price of any ancillary fees that must be paid, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  *See* Figure 3, next page.  Once a consumer clicks on the "Pick Seats" button on Figure 3, he is taken to a seat selection page.  *See* Figure 4, next page.  Again, neither the total cost of the ticket nor the price of any ancillary fees is disclosed on this page, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  *Id.*



Figure 3

Figure 4

12.     *After* a consumer selects the seat or seats he or she wishes to purchase a ticket or tickets for, he or she can click the "Next" button on Figure 4. After the consumer clicks that button, he or she is taken to a Concessions screen, where they can select to purchase popcorn or other food or drinks. Figure 5. Again, neither the total cost of the ticket nor the price of any ancillary fees is disclosed on this page, in violation of New York Arts & Cultural Affairs Law § 25.07(4). After a consumer clicks on the "Skip" button on this screen (transformed to a "Next" button if the consumer picks a particular concession to buy), a pop-up emerges asking them to log-in or continue as a guest. *See* Figure 6, next page.



**Figure 5**

CLASS ACTION COMPLAINT                                                                 6

**Figure 6**

13.     Notably, nothing on this pop-up screen explicitly advises consumers what action they must take to manifest assent to Defendant's Terms of Use, or the legal significance of any such action.  After a consumer clicks on one of the Continue buttons on this pop-up screen, he is taken to the final checkout screen.  *See* Figure 7, next page.



**Figure 7**

14.     Defendant's total cost per ticket is disclosed for the first time on this final screen, along with a $1.99 per ticket "Service Fee."  *See* Figure 7.  Defendant's

1  Service Fees can quickly add up.  For a family of four, Defendant tacks on an extra
2  $7.96 at the end of the purchase process.  That is roughly equivalent to the cost of a
3  bucket of popcorn.  What is more, the checkout flow and the disclosures Defendant
4  presents to consumers is the same whether they proceed via their web browser, as
5  depicted in Figures 1 through 7, or through their Atom Tickets mobile phone
6  applications.

### New York Arts & Cultural Affairs Law

8      15.    Effective August 29, 2022, New York enacted Arts & Cultural Affairs
9  Law § 25.07(4), which provides that "any licensee or other ticket reseller, or
10 platform that facilitates the sale or resale of tickets shall disclose the total cost of the
11 ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket,
12 and disclose in a clear and conspicuous manner the portion of the ticket price stated
13 in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the
14 purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket
15 listing <u>prior to</u> the ticket being <u>selected for purchase</u>."  *Id*. (emphasis added).  And
16 "[t]he price of the ticket shall not increase during the purchase process." *Id*.;
17 *Compare with* Figure 3.  "Disclosures of subtotals, fees, charges, and any other
18 component of the total price shall not be false or misleading."  N.Y. Arts & Cult.
19 Aff. Law § 25.07(5); *Compare with* Figure 3 and ¶ 11.
20     16.    Shortly after the law was enacted, ticketing websites peppered the State
21 of New York's Division of Licensing Services with questions about the scope of the
22 law.  As explained by the Division of Licensing Services, "the ticket purchasing
23 process begins once a consumer visits a ticket marketplace and first sees a list of seat
24 prices."  *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional*
25 *Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1.
26 "From the moment the prospective purchaser assesses the [] ticket lists through the
27 final payment … there should be no price increases to the purchaser for the ticket
28

CLASS ACTION COMPLAINT      9

itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

17. **Nationwide Class**: Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to any film screenings in any cinema location within the state of New York from Defendant's website or mobile phone application on or after August 29, 2022. Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

18. **New York Subclass**: Plaintiff also seeks to represent a subclass defined as all individuals in the state of New York who purchased electronic tickets to any film screenings in any cinema located in New York from Defendant's website or mobile phone application on or after August 29, 2022. Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Nationwide Class and New York Subclass number in the hundreds of thousands.[1] The precise number of Nationwide Class and New York

---

[1] According to the website traffic analytics company Similarweb, Defendant's website has received 4.57 million visits in the last three months, with 94.46% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=atomtickets.com. Approximately 5.98% of the United States population resides in the State of New York. So assuming New Yorkers visited Defendant's website in equal proportions to other Americans, then Defendant received over 258 thousand visitors from the state of New York during this time period. This is to say nothing of other Americans that

Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

20. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

21. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to disclosing the total cost of their tickets, including Defendant's service fees, throughout the online ticket purchase process.

22. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because his interests do not conflict with the interests of the Nationwide Class and New York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Nationwide Class and New

---

live in surrounding states like New Jersey or Connecticut, who may also wish to purchase tickets to see films in New York City or other areas in New York State.

1   York Subclass members will be fairly and adequately protected by Plaintiff and his
2   counsel.
3       23.     The class mechanism is superior to other available means for the fair
4   and efficient adjudication of the claims of Nationwide Class and New York Subclass
5   members.  Each individual Nationwide Class and New York Subclass member may
6   lack the resources to undergo the burden and expense of individual prosecution of
7   the complex and extensive litigation necessary to establish Defendant's liability.
8   Individualized litigation increases the delay and expense to all parties and multiplies
9   the burden on the judicial system presented by the complex legal and factual issues
10  of this case.  Individualized litigation also presents a potential for inconsistent or
11  contradictory judgments.  In contrast, the class action device presents far fewer
12  management difficulties and provides the benefits of single adjudication, economy of
13  scale, and comprehensive supervision by a single court on the issue of Defendant's
14  liability.  Class treatment of the liability issues will ensure that all claims and
15  claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I

### New York Arts & Cultural Affairs Law § 25.07

**(On Behalf Of The Nationwide Class and New York Subclass)**

19      24.     Plaintiff repeats the allegations contained in the foregoing paragraphs as
20  if fully set forth herein.
21      25.     Plaintiff brings this claim individually and on behalf of the members of
22  the Nationwide Class and New York Subclass against Defendant.
23      26.     Defendant is a "licensee or other ticket reseller, or platform that facilitates
24  the sale or resale of tickets" to a "place of entertainment," because Defendant owns,
25  operates, or controls atomtickets.com and the Atom Tickets mobile app, which is a
26  place where consumers can purchase tickets to movie theatres.  "'Place of
27  entertainment' means any privately or publicly owned and operated entertainment
28

facility such as a <u>theatre</u>, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added). "Entertainment' means all forms of entertainment including, but not limited to, theatrical or operatic performances, concerts, <u>motion pictures</u>, all forms of entertainment at fair grounds, amusement parks and all types of athletic competitions including football, basketball, baseball, boxing, tennis, hockey, and any other sport, and all other forms of diversion, recreation or show." N.Y. Arts & Cult. Aff. Law § 25.03(1) (emphasis added).

27. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 3 through 5 of this Complaint.

28. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of its tickets during the purchase process, as depicted in Figures 3-7 of this Complaint.

29. Defendant's $1.99 per ticket "Service Fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

30. On December 28, 2023, Plaintiff purchased two tickets on Defendant's website and was forced to pay Defendant's Service Fee. Plaintiff was harmed by paying this Service Fee, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

31. On behalf of himself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, and

reasonable attorneys' fees. See N.Y. Arts & Cult. Aff. Law § 25.33.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass, prays for judgment as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated:  January 25, 2024                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:       /s/ Stefan Bogdanovich
              Stefan Bogdanovich

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455

Facsimile: (925) 407-2700
Email:  sbogdanovich@bursor.com

*Attorney for Plaintiff*